IN THE UNITED STATES DISTRICT COURT
FOR THE FOR DISTRICT OF NEW JERSEY

JOEL PENSLEY,

   Plaintiff,

  -against-

MAUREEN ABATO and
OLDE MONMOUTH
STOCK TRANSFER CO.,
INC.,

   Defendants.

Civil Action No. 09-5643

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

Plaintiff, JOEL PENSLEY ("Pensley"), for his Complaint against Defendant, MAUREEN ABATO ("Abato") and OLDE MONMOUTH STOCK TRANSFER CO., INC. ("Monmouth" or "Transfer Agent") states as follows:

### NATURE OF CLAIM

1. This Civil Action involves breach of contract. In this action, Plaintiff seeks injunctive relief and, general damages, punitive damages and costs of suit, interest and attorney's fees, and for such other and further relief as the court may deem proper.

### JURISDICTION AND VENUE

2. Jurisdiction is based on diversity of citizenship, pursuant to 28 U.S.C §§ 1332 and the amount in controversy exceeds $75,000.00, exclusive of costs and interests. Jurisdiction is also based on federal question jurisdiction under the Securities Exchange Act of 1934, Section 17, and rules promulgated thereunder.

3. Plaintiff seeks monetary damages above $120,000.00.

1

4.   The laws of the State of New York govern the dispute between Pensley and Abato with respect to their contractual obligations, since the contract was formed under New York law by choice of the parties and due to the fact that Pensley and Abato were both attorneys licensed to practice law in the State of New York, and the laws of the United States and the State of New Jersey govern the relationship with the Transfer Agent by agreement between the Transfer Agent and its client, Proteonomix, Inc. and action of law.

5.   Venue for this action properly lies in the U.S. District Court for the District of New Jersey pursuant to 28 U.S.C. §1391(a)(2) and (3) because:

(i)   this district is where a substantial part of the events or omissions giving rise to the claim occurred; and

(ii)   defendant Monmouth conducts substantial business in this District, and/or otherwise has sufficient contacts with this District to justify Defendant being fairly brought into court in this District.

## THE PARTIES

6.   Plaintiff Joel Pensley is an adult citizen residing at 211 Schoolhouse Road, Norfolk, Connecticut 06058.

7.   Defendant, Maureen Abato, is an adult citizen, residing at 2732 East 21 Street, Brooklyn, NY 11235.

8.   Defendant, Olde Monmouth Stock Transfer Co., Inc. is a New Jersey corporation having its principal place of business at 200 Memorial Parkway Atlantic Highlands, N.J. 07716.

## STATEMENT OF FACTS

9. On or about March 31, 2009, Pensley and Abato entered into a Partnership Agreement, attached hereto as Exhibit A, to conduct a legal practice under the laws of the State of New York. Prior to this Agreement, Pensley had employed Abato to perform functions related to legal practice but not constituting legal practice since Abato had been suspended from the practice of law, upon information and belief, due to trust account violations.

10. Defendant Abato represented that she had the requisite skills, qualifications and knowledge to provide legal services in the area of corporate law, corporate finance and securities law.

11. Defendant Abato was to be compensated in part by the transfer of certain shares of Proteonomix, Inc. ("Proteonomix") for an extended period of future work, more specifically for "legal services to be provided from and after the date of the Agreement".

12. Plaintiff Pensley found the performance of Defendant Abato to be unsatisfactory and the partnership was ended on or about June 30, 2009.

13. In consideration for future performance under the Agreement Pensley had transferred to Abato 50,000 shares of Proteonomix common stock (the "Stock") having a value at the time of transfer of $150,000.

14. Based upon the period of performance Abato was entitled to no more than 8,500 shares of the Proteonomix stock but refused to return the shares to Pensley.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

15. Plaintiff Pensley repeats and re-alleges paragraphs 1 through 14 as if fully set forth herein.

16.     Through the date of this Complaint, Defendant unlawfully failed to return the excess compensation to Plaintiff Pensley thereby breaching the Agreement and damaging Pensley.

17.     Upon information and belief, Defendant Abato has transferred the Proteonomix shares delivered to her by Pensley into her name and not returning the appropriate number of shares to Pensley in further breach of the parties' Agreement.and now is demanding that defendant Monmouth remove legend on the stock certificate restricting public sale of the shares ("restrictive legend") so that Abato can sell the shares into the public market where the shares trade.

18.     Defendant Monmouth has changed the name on the stock certificate from Joel Pensley to Maureen Abato and has indicated that it will remove the restrictive legend unless enjoined from removing the restrictive legend due to transfer agency rules promulgated by the United States Securities and Exchange Commission under the Securities Exchange Act of 1934, Section 17, and requirements of New Jersey state law.

18.     Upon information and belief Defendant Abato plans to sell all of the Proteonomix common stock further breaching the Agreement.

19.     Upon information and belief Defendant Abato does not have sufficient net worth to repay the cash equivalent of the Stock sale proceeds once the sale is completed.

20.     Pensley has been damaged as a result of Defendant's breaches of the parties' Agreement.

21.     Defendant's failure to perform as per the Agreement also resulted in the loss of clients and caused Pensley to suffer financial damages in an amount to be determined at trial.

**WHEREFORE**, Plaintiff Pensley requests that this Court:

1. award Plaintiff such temporary and/or preliminary injunctive and ancillary relief to enjoin the Defendants in a preliminary injunction, to be made permanent after trial in this action, restraining the described transfer of 50,000 shares of Proteonomix common stock as a continuing breach and in violation of the parties' Agreement; and

2. enter judgment against Defendant Abato an amount of at least $120,000 (One Hundred Twenty Thousand dollars) plus interest and the costs and expenses of this action, along with such other relief as this Court may deem necessary and just.

## SECOND CAUSE OF ACTION
**Breach of Fiduciary Duty**

22. Plaintiff Pensley re-alleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 21 of this Complaint as if fully set forth herein.

23. Defendant Abato, as a partner in the law firm of Pensley and Abato (the "Partnership"), owed a fiduciary duty to the Partnership.

24. During the course of the Partnership Abato repeatedly refused to carry out her responsibilities to the Partnership, was responsible for the loss of Partnership business due to her refusal to carry out Partnership business, her unprofessional conduct of some Partnership business, her incompetent conduct of other business of the Partnership and by making harassing and illegal demands upon at least one Partnership client for compensation directly from said clients in an attempt to deprive Pensley of the client without any justifiable reason.

WHEREFORE, Plaintiff demands judgment against Abato in an amount to be determined at trial, punitive damages, costs and fees, including attorney's fees, and such other relief as the court may deem just and equitable

**JURY TRIAL DEMANDED**

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: October 27, 2009

Respectfully submitted,

*[signature]*
**ROGER L. FIDLER (9997)**
Attorney for Plaintiff
225 Franklin Avenue, Suite 4
Midland Park, NJ 07432
(201) 6570-0881
(201) 670-0888
rfidler0099@aol.com